*133
 
 Nash J.
 

 The power of an arbitrator is derived, only, from the agreement of the parties, as expressed in the submission, and their award must be made in strict accordance with it, and must neither go beyond nor omit any thing embraced within it. The first enquiry, in this case, is as to the nature and extent of the submission,— The defendants were owners of a mill, and their dam ponded the water on the land of the plaintiff and occasioned an injury to it. On the 4th of July 1847, the parties entered into an agreement to refer the matter in controversy. They selected two gentlemen, in whom they had confidence, to settle the dispute between them, in order, we presume, to avoid the delay and expense of a law-suit. What, then, did they submit ? . The language of the agreement is not so explicit as it might have been, but sufficiently so, we think, to show their intention. The defendants bind themselves to abide the damages, awarded to Charles Culiifer, by Charles Jacocks and William Williams, for the overflowing of a certain tract of land by their mill-pond. We understand the parties to mean, that the arbitrators should assess the damages then sustained, to wit, the 4th of July 1847. There is nothing in the submission, which looks to damages to be sustained after that time. They wished to make a lumping matter of it, and that they might know what sum,
 
 in solido,
 
 they should pay for
 
 all the present
 
 injury. This was not done by the arbitrators ; but they give their judgment,that the defendants shall pay a certain sum^ that for which the action is brought, as damages for the whole of the year 1847.
 

 This, we think, was error, as giving damages for time not embraced in the submission. It is, however, urged on the part of the plaintiff, that, from the words used in the award, it was the intention of the arbitrators to confine their judgment to damages sustained previous to the 4th of July, 1847, and that the award will well bear that
 
 *134
 
 construction. When the words of an award are ambiguous, such a construction ought to be given them, as will best coincde with the apparant intention of the arbitrators.
 
 Watson on Awards,
 
 105. Here, however, the arbitrators do not leave us in doubt as to their meaning ; they say they assess the sum of
 
 $26
 
 26, “for the damages, which the said Cullifer has sustained for the
 
 year
 
 1S47.” In this language there is no ambiguity ; if there was, it is made plain by their going on to assess damages for the next succeeding four years, and give no damages for the time between the 4th of July 1S47 and the 1st of January ’48
 

 It is further argued, that it was the intention of the parties to the award, that the arbitrators should assess the damages under the provisions of the aetj of Assembly ; and that such was the view taken by them. If this be so, the award is not the less defective. The 13th
 
 sea of the
 
 74th
 
 clu Rev. Stat.
 
 directs the jury to “makeup their virdict, as to the sum, which the petitioner is entitled to receive as an annual compensation for the damages sustained &c,” “ which verdict shall be binding between the parties for five years, unless the damages should be increased, by raising the water or otherwise, if said mill is kept up.” It is not the intention of the law, that the judgment for the damages, shall, in every event, be binding on the parties for five years. If the defendant increase the injury within that time by raising his dam, the plaintiff may have his damages increased ; if the defendant should abate the nuisance altogether, he may, by an
 
 audita querela,
 
 or some other action, set aside the judgment for the residue of the damages.
 
 Gilbert
 
 v.
 
 Jones
 
 1st Dev. & Bat. 339. If it was the intention of the parties, that the arbitrators should pursue the provisions of the act, and of the arbitrators so to do, they have not made their award in conformity to them. They have made no provision whereby the plaintiff can be redressed
 
 *135
 
 should the dam be raised, nor, for the defendants if, they should have taken it down the day after the award was made. The award, therefore, in this view of it, is defective. It does not embrace ali the matters referred and is not final in any aspect. In whatever light we consider the award, it is defective, and the plaintiff cannot support
 
 his action.
 

 Per Curiam. Judgment affirmed.